863 F.2d 47
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leo DALBO, Plaintiff-Appellant,
v.
WILLIAM BEAUMONT HOSPITAL; Ananias Diokno, M.D.; H. Huie;
and Betty Muller, M.D., Defendants-Appellants.
 No. 88-1018.
 United States Court of Appeals, Sixth Circuit.
 Nov. 29, 1988.
 
 Before LIVELY and DAVID A. NELSON, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Leo Dalbo appeals the district court jury verdict against him on the basis of the court's failure to give jury instructions on the doctrine of res ipsa loquitur in this diversity action for medical malpractice. On April 14, 1986, plaintiff underwent surgery on his abdominal region at Beaumont Hospital. He was anesthetized by Dr. Muller and Nurse Huie. His arms were placed out to either side of him on the operating table and positioned on armboards. Dr. Muller secured plaintiff's right arm with a velcro strap. At some point during the surgical procedure, the right armboard fell. Dr. Diokno testified that he did not bump the armboard, although plaintiff testified that Diokno had admitted to this when they met the next day. Huie testified that she heard the armboard click and that she caught plaintiff's arm before the armboard fell to the floor. Plaintiff suffers from a torn rotator cuff, impingement syndrome and diminution in the use of his right arm.
 
 
 2
 Huie, Muller, and Diokno testified that a fallen armboard is unusual. However, Diokno's testimony that it is common to bump an armboard during abdominal surgery is undisputed. Plaintiff's expert witness, Dr. Martin, conceded that it would be possible for a properly attached armboard to fall, as it had happened to him. Two other doctors testified that the injuries might have been caused by specific conditions or activities unrelated to the armboard incident.
 
 
 3
 The Michigan Supreme Court recently acknowledged that Michigan recognizes the doctrine of res ipsa loquitur in Jones v. Poretta, 428 Mich. 132, 405 N.W.2d 863 (1987). The following conditions must be met for the doctrine apply:
 
 
 4
 1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence;
 
 
 5
 2) it must be caused by an agency or instrumentality within the exclusive control of the defendant;
 
 
 6
 3) it must not have been due to any voluntary action or contribution on the part of the plaintiff;
 
 
 7
 4) evidence of the true explanation of the event must be more readily accessible to the defendant than to the plaintiff.
 
 
 8
 Id. at 150-51, 405 N.W.2d at 872 (citations omitted).
 
 
 9
 The first condition for an instruction on res ipsa loquitur has not been met. Although it may be unusual for a patient's arm to fall during surgery, the plaintiff failed to establish, through expert testimony or otherwise, that an armboard would not ordinarily fall unless someone was negligent. In fact, one can not even reach the conclusion on the evidence before us that negligence must have existed. Plaintiff's expert stated that a properly attached armboard could fall; it is undisputed that bumping armboards during abdominal surgery is common. Therefore, an instruction on res ipsa loquitur was not required under Michigan law.
 
 
 10
 Plaintiff laments the fact that Michigan Standard Jury Instructions were amended the same month his case was tried in order to provide for the holding in Jones v. Poretta, supra (SJI 2d 30.05); consequently the instructions were not readily available for use at his trial. We observe that the "Note on Use" accompanying the instruction states that it should be given "only if there is expert testimony that the injury does not ordinarily occur without negligence, or if the court finds that such a determination could be made by the jury as a matter of common knowledge." For the reasons discussed above, the case presented here does not meet either of these criteria.
 
 
 11
 Accordingly, the judgment of the district court is affirmed.